879 F.2d 863
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lisa Marie DIODATO, Defendant-Appellant.
 No. 89-5024.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 9, 1989.
Decided: July 10, 1989.
 
 Paul Thomas Camilletti (Camilletti and Sacco, on brief), for appellant.
 David Earl Godwin, Assistant United States Attorney (William A. Kolibash, United States Attorney, on brief), for appellee.
 Before DONALD RUSSELL and K.K. HALL, Circuit Judges, and JAMES R. SPENCER, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Lisa Marie Diodato appeals the district court's denial of her motion to dismiss her indictment due to alleged violations of the Interstate Agreement on Detainers (the "Act"), 18 U.S.C. App. Sec. 2. We dismiss the appeal for want of jurisdiction.
 
 I.
 
 2
 In April, 1988, Diodato was indicted on seven counts of transporting forged securities in interstate commerce, 18 U.S.C. Sec. 2314. At that time, the United States filed a detainer under the Act with the State of West Virginia, which was holding Diodato pursuant to a prior felony conviction. On May 13, after her initial appearance, the government moved the district court to order Diodato to provide handwriting exemplars. At a July 14 hearing held on the motion, Diodato refused to provide the exemplars and on July 20, the district court held her in contempt. The court ordered that she be incarcerated until she provided the exemplars and that the period of incarceration be excluded for purposes of the time limits of the Act. The district court continued the proceedings until such time as Diodato complied. She has remained incarcerated until the present.
 
 
 3
 On September 8, 1988, Diodato filed a motion to dismiss the indictment because of violations of the speedy trial time restrictions in the Act. By order dated January 25, 1989, the district court denied the motion, holding that the period of incarceration for contempt did not count towards the Act's time requirements. This appeal followed.
 
 II.
 
 4
 The government contends that under the Supreme Court's decision in United States v. MacDonald, 435 U.S. 850 (1978), we do not have jurisdiction over this interlocutory appeal. We agree.
 
 
 5
 In MacDonald, the Supreme Court was faced with an interlocutory appeal taken from the district court's denial of MacDonald's motion to dismiss due to a violation of his Sixth Amendment right to a speedy trial. In finding no appellate jurisdiction, the court held that orders denying motions to dismiss on speedy trial grounds lack "the finality traditionally considered indispensable to appellate review." Id. at 857. Accordingly, the Court reversed this Court and remanded for dismissal of the appeal for lack of jurisdiction under 28 U.S.C. Sec. 1291.
 
 
 6
 The only possible grounds for distinguishing this appeal from MacDonald is the fact that appellant's speedy trial claim is premised on the Act rather than the Constitution. We do not find this difference a meaningful distinction. Therefore, without reaching the merits of appellant's claims under the Act, we dismiss this appeal for lack of jurisdiction.
 
 
 7
 DISMISSED.